LEVI F. BOWEN, Respondent, v. ROBERT W. BECK, Appellant.

Where a conveyance of real estate, purporting to be an indenture and containing a clause by which the grantee assumes and agrees to pay a mortgage upon the lands conveyed, has been accepted by the grantee, it will, for the purpose of a remedy against the grantee, be considered as the deed of both parties, and the clause as a covenant.

*It seems*, the grantee, in a conveyance by deed-poll containing a mortgage assumption clause, upon acceptance of the deed, becomes bound as covenantor to pay the mortgage.

(Argued October 22, 1883; decided November 20, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made January 21, 1882, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to foreclose a mortgage executed by defendant Murphy.

The mortgagor, in 1863 and after the execution of the mortgage, conveyed a portion of the mortgaged premises to defendants Beck and Tucker. The conveyance, which purported to be an "indenture," but which was executed by the grantor only, contained a clause to the effect that the conveyance was made subject to said mortgage, which the parties of the second part assumed and agreed to pay as part of the consideration of the conveyance. Said defendants were sought to be charged with any deficiency. The defense was that any claim under the assumption clause was barred by the statute of limitations.

*Ransom & Joyce* for appellant. Plaintiff, not being a party to the deed, cannot maintain an action thereon. (*Spencer* v. *Field*, 10 Wend. 88; *Van Alstyne* v. *Van Slyck*, 10 Barb. 383, 385.) An action upon the deed cannot be maintained against the grantee in a deed-poll. (*Goodwin* v. *Gilbert*, 9 Mass. 510; *Bowen* v. *Bell*, 20 Johns. 338; *Rogers* v. *Eagle F. Co.*, 9 Wend. 611, 618.) Although the deed begins in form as an indenture, still as it purports to be, and in fact is, only the deed of the grantor, it is a deed-poll. (Gerard's Titles to Real Estate [2d. ed.], 490.) The proper action in a case like the present is *assumpsit*. (*Rawson* v. *Copland*, 2 Sandf. Ch. 251, 255; *Urquhart* v. *Brayton*, 12 R. I. 169; *Foster* v. *Atwater*, 42 Conn. 244; *Pike* v. *Brown*, 7 Cush. 133; *Wilson* v. *Brechemin*, Brightly [Penna. Sup. Ct.],445; *Huff* v. *Nickerson*, 27 Me. 106; *Heim* v. *Vogel*, 69 Mo. 529; *Gale* v. *Nixon*, 6 Cow. 445; *Hinsdale* v. *Humphrey*, 15 Conn. 431; *Goodwin* v. *Gilbert*, 9 Mass. 510; *Rockford, etc., R. R. Co.* v. *Bechemeier*, 72 Ill. 267; *Bennett* v. *Lynch*, 5 B. & C. 589; *Johnson* v. *Muzzy*, 45 Vt. 419; *Trustees* v. *Spencer*, 7 Ohio, 149.) The principle of avoiding circuity of action does not apply in this case. (*Kowing* v. *Manly*, 49 N. Y. 192, 202.) Murphy's cause of action against appellant accrued when the bond become due and remained unpaid. (*Hume* v. *Hendrickson*, 79 N. Y. 117, 127; *Furnas* v. *Durgin*, 119 Mass. 500; Jones on Mortgages, §§ 769, 770.) It is now barred by the statute of limitations, and cannot be revived by any act of his, nor can any payments hereafter made by him be regarded as paid for, or at the request of, the appellant. (*Woodruff* v. *Moore*, 8 Barb. 171; *Wright* v. *Butler*, 6 Wend. 288.)

*George W. Bowen* for respondent. By the covenant in the deed from Philip Murphy, the mortgagor, to the appellant Beck and his co-defendant Tucker, by which they "assumed and agreed to pay" the bond and mortgage of the plaintiff, they, Tucker and Beck, became personally liable to the mortgagee and his assignee for the payment of the same. (*Burr* v. *Beers*, 24 N. Y. 178.) The deed from Murphy to Beck and

Tucker being under seal, the assumption by the grantees therein and their agreement to pay the plaintiff's bond and mortgage was a covenant on their part and as binding on them as if they had signed and sealed it. (*McRae* v. *Purmort*, 16 Wend.˙460, 466 ; *Thorp* v. *Keokuk Coal Co.*, 48 N. Y. 253 ; *Atlantic Dock Co.* v. *Leavitt*, 54 id. 35, 40 ; *Trotter* v. *Hughes*, 12 id. 74, 78 ; *Aikin* v. *Vt. & C. R. R. Co.*, 26 Barb. 290, 298, 299 ; *Spalding* v. *Hallenbeck*, 35 N. Y. 204, 207 ; Thomas on Mortgages, 185, 195 ; *Sparkman* v. *Gove*, 27 Alb. L. J. 33 ; *Finley* v. *Simson*, 2 Zabr. 311 ; *Rubens* v. *Prindle*, 44 Barb. 336, 346 ; *Comstock* v. *Drohan*, 8 Hun, 373, 375 ; *Tillotson* v. *Boyd*, 4 Sandf. Sup. Ct. 516, 520.) Where land is conveyed subject to a prior mortgage made by the grantor, who has given his bond, and which mortgage the grantor assumes and agrees to pay, the grantee becomes the principal debtor and the grantor a mere surety for the payment of the bond debt, and on paying the bond is entitled to be subrogated to the position of the mortgagee. (*Marsh* v. *Pike*, 10 Paige, 595 ; *Johnson* v. *Zink*, 52 Barb. 396, 398 ; *Russell* v. *Pistor*, 3 Seld. 171, 174 ; *Garnsey* v. *Rogers*, 47 N. Y. 233 ; Thomas on Mortgages, 186.) The parties are all in court and the judgment appealed from, without circuity of action, which the law abhors, produces precisely the same result as if Murphy had paid the bond and mortgage, and then brought his action against Beck and Tucker. (*Marsh* v. *Pike*, 10 Paige, 595, 597 ; *Cornell* v. *Prescott*, 2 Barb. 16 ; *Halsey* v. *Reed*, 9 Paige, 446, 454 ; *Comstock* v. *Drohan*, 71 N. Y. 9 ; *Johnson* v. *Zink*, 52 Barb. 396 ; *Hunt* v. *Amidon*, 4 Hill, 345, 347 ; *Rubens* v. *Prindle*, 44 Barb. 336–344 ; *Curtis* v. *Tyler*, 2 Paige, 432 ; *Ferris* v. *Crawford*, 2 Denio, 595.)

ANDREWS, J. The right of the plaintiff to recover in this action is not controverted, assuming that the clause contained in the conveyance of February 19, 1863, from Philip Murphy to the defendants Beck and Tucker, by which the grantees assumed and agreed to pay the mortgage from Murphy to Jackson on the land conveyed, and to which the conveyance was

subject, amounts to a covenant of the grantees to pay the mortgage.    Upon that assumption the defense of the statute of limitations, which is the only defense to the action, fails.    The sole question therefore is whether the defendants, Beck and Tucker, can be charged as upon a covenant to pay the mortgage.    We think this point ought not to be considered an open one in this court.

The question as to the effect of a mortgage assumption clause on the part of a grantee in a conveyance by deed-poll, signed by the grantor only, was considered in *Atlantic Dock Co.* v. *Leavitt* (54 N. Y. 35; 13 Am. Rep. 556), and the court by Earl, Commissioner, expressed the opinion that a grantee in such a deed becomes bound, upon acceptance, as covenantor to pay the mortgage.    The decision of this point may not have been essential to support the judgment in that case, but the question was carefully considered by the court, and many authorities tending to sustain the conclusion reached, were cited, as well as numerous expressions of judges in the courts of this State, recognizing the doctrine maintained in the opinion.

Under these circumstances we do not feel at liberty to examine the question *de novo*, even if as an original question we might entertain doubts in respect to it.    It is admitted by Mr. Platt, who questions the doctrine, that up to his time it had been accepted without scruple by the profession (Platt on Cov. 11).    It has doubtless been acted upon in this State, with at least the apparent sanction of our courts, and it would produce injustice now to reject it and establish a different rule.

We may add in support of the judgment in the case now before us that the conveyance to Beck and Tucker purports to be an indenture which according to its proper signification is a deed *inter partes* or a mutual deed.    It is said in Co. Litt. 231 a, " an indenture is a writing containing a conveyance, bargain, contract, covenants or agreements between two or more."    And Sir Henry Finch in his Book on the Law, 109, speaking of the different kinds of deeds, says: " Indenture — that which is the mutual deed of both."    The deed in this case was accepted by the grantees as an indenture, and it does not seem to be contrary to principle to hold that for the purpose

of the remedy it shall be regarded as an instrument of the character expressed and as the deed of both parties.

The cases in New Jersey accord with the view taken in *Atlantic Dock Co.* v. *Leavitt (supra)*, *Finley* v. *Simpson* (2 Zab. 311), *Sparkman* v. *Gove* (27 Alb. L. J., 33).

We think the judgment should be affirmed.

All concur.

Judgment affirmed.