Cullen, J.
There is no substantial basis for the contention of the plaintiffs that the agreement in the deed from Lefferts to Biker and others of the tract of land called Leffert Park was a condition. It is true that no technical form of words is necessary to create a condition if there appears a clear intenton of the parties to that effect. Towle v. Remsen, 70 N. Y., 811. But the deed in question is barren of every feature indicating such an intent. The agreement on the part of the grantee is in form a covenant, pure and simple, and not a condition. It is not found in the habendum clause, as claimed by plaintiffs, but it follows the covenants for title on the of the grantors.
The habendum clause expresses accurately the limitation on the estate granted, that the estate is to go to the grantees as joint tenants and not as tenants in common, that it is subject to the rights and interests of adjacent lot owners and to the payment of certain taxes. No words of proviso *129 or condition, no provision for re-entry are contained in the deed.
The claim that the agreement cannot operate as a covenant because the deed was not signed by the grantees is erroneous. Bowen v. Beck, 94 N. Y., 86. The agreement limiting the use of the granted premises being therefore a covenant, not a condition, its violation created no forfeiture of the estate, and the plaintiffs have no right or interest in the land.
We think also that the plaintiffs have no interest to enforce the execution of the covenant. The covenant was to enure solely to the benefit of the adjacent lot owners. It appears that the plaintiff’s ancestors parted with all the adjacent land and that plaintiffs do not possess any. But if it is conceded that the plaintiffs, as heirs of a party to the deed, having a standing to complain of the agreement, still the circumstances of this case are such that the court should not compel the performance of the covenant.
It is alleged in the complaint that the land conveyed has with the knowledge and consent of every person having or claiming the right to use such land as a park, been abandoned as such, and that the right to use the same is at an end. The amiual contributions for the maintainance of the park to be made by the adjacent lot owners have for many years ceased to be paid. It is therefore no longer practicable to carry out the objects to be attained by the covenant. A court of equity in such case will not seek to enforce its observance. Trustees of Columbia College v. Thacker, 87 N. Y., 311.
The judgment appealed from was correct and should be affirmed with costs.
Barnard, P. J., and Dykeman, J., concur.