DE WITT HALLENBECK, Respondent, *v.* CHARLES ·F. KINDRED, Appellant.

*Court of Appeals, March* 20, 1888.

Affirming same case, 39 Hun, 652, Mem.

1. *Question of fact.*—Where the evidence as to the terms of an alleged oral agreement is conflicting, the refusal of the referee to find as requested by the defendant, is not an error of law, but the question is one of fact.
2. *Deed. Covenant.*—A covenant in a deed to fulfil and perform all the conditions of a certain specified contract to be performed by the grantor, and at all times to indemnify said grantor against the same, is not a mere personal one to indemnify the grantor, and does not come within any of the exceptions to the general rule laid down in a series of decisions of the court of appeals.

Appeal from a judgment of the general term of the supreme court, affirming a judgment in favor of the plaintiff, entered upon the report of a referee.

Action by an assignee of claims for goods sold to the manager of a hotel and for money loaned.

The action was based upon the following covenant contained in a deed :

This conveyance is made subject to a contract for the occupancy of said premises made by the said Samuel K. Nester of the one part and John E. Allen, of Auburn, N. Y. of the other part. Reference being hereby made to said contract, and the said party of the second part to this conveyance does hereby assume said contract, and does hereby covenant and agree to fulfil and perform all the conditions of said

contract to be performed by said Nester, and at all time to indemnify said Nester against the same ; and said party of the second part is to receive all the benefits of said contract which otherwise would have been received by said Nester.

*Henry G. Danforth,* for appellant.

*D. B. Backenstose,* for respondent.

PECKHAM, J.—The facts found by the referee are sufficient to entitle the plaintiff to a recovery, and there is sufficient evidence to sustain them. Unless there have been errors committed on the trial the judgment must be affirmed. The counsel for the defendant insists that there were such errors, and among them he claims that the referee erred in refusing to find that the terms of the lease (which defendant assumed in his deed) between Nester and Allen, as stated in the land contract between Nester and defendant, were binding upon the parties to this action. The counsel for defendant excepted to such refusal, and he now argues that such terms thus stated were binding upon the parties hereto, and that the defendant was, therefore, not liable to the plaintiff because Nester, by the terms of the lease as stated in the land contract, had not agreed with Allen to furnish any capital or pay any of the expenses of the hotel, and the defendant had only assumed the lease as its terms were stated in the said land contract.

The exception taken to the refusal of the referee to find as requested is claimed to be fatal to the plaintiff's judgment.

It seems to us, however, that the question in this case was one of fact and not of law.

Nester and defendant had, on the 17th day of April, 1884, entered into a contract for the sale and purchase of the hotel property, and in that contract this language is used : " It is further agreed and understood that the agreement

now existing between the said Nester and John E. Allen, of Auburn, N. Y., concerning a lease of said hotel, shall be carried out for the term of one year; the terms of said lease being that said Allen carries on the said hotel and divides profits, the said Kindred taking the place of the said Nester therein; the said Kindred to furnish no capital for carrying on the same." It is said on the part of the plaintiff that the last clause of the above statement, viz. : " the said Kindred to furnish no capital," does not purport to be a part of the terms of the lease between Nester and Allen.

However that may be, it would seem that the preceding statement as to what those terms were, " that the said Allen carries on the said hotel and divides profits," means the same thing, that Allen is to furnish the capital, for how else is he to " carry it on ? " A man that is to carry on a hotel and divide the profits with another, would be supposed to be the man who furnished the capital or procured it, and that the one who simply took a portion of the profits was not to be responsible for furnishing any portion of the capital. Under such circumstances, if defendant had taken a deed in pursuance of this agreement, and had assumed to carry out the lease upon the terms stated in the above language, it would be at the least very doubtful if there were any liability on the part of the defendant to furnish any capital, even though the agreement between Nester and Allen did call for capital from Nester. But the evidence shows that both parties to the agreement for the sale and purchase of this hotel property were unable to perform, and on the 21st of July, 1884, they both executed a release and discharge from the contract and restored each other " to their rights as fully and completely as if the same had never been executed." This release was delivered prior to the delivery of the deed by Nester to defendant of the property in question.

After the discharge there was no renewal, defendant says, of the contract between Nester and himself, and the

agreement under which he received the deed which was delivered, and upon the assumption clause in which this action rests, defendant says was a new agreement and on the basis of new terms. What those terms were does not appear, but defendant says there were no further statements by Nester to him in regard to Allen's occupancy beyond those mentioned or incorporated in the land contract above set forth; and the claim of the learned counsel for the defendant is that Nester having represented what the terms of the lease were, he could not be heard to claim they were anything different, and that plaintiff stands in the same position. That might be true if the evidence simply showed a positive representation as to the terms of the lease and an assumption of the deed upon the basis of its truth But there is undisputed evidence that the contract for the purchase of the land, in which the representation is contained, was wholly discharged and a new contract, and upon new terms, entered into, and there is no evidence that in entering upon the new contract or in taking the deed with the assumption clause therein, the defendant at all relied upon any representation as to the terms of the lease, which was contained in the old and abandoned contract.

Further than this, although the defendant said he had no statements from Nester in regard to Allen's occupancy beyond those mentioned or incorporated in the land contract, yet after the land contract had been extinguished and each party to it had been released therefrom, and pending new negotiations for the sale and purchase of the land, Nester says that defendant asked him about the contract he had with Allen, and that he told defendant it was the same as Allen, had for the Cayuga Lake hotel; that he (Nester) had never seen the contract, but, as near as he could tell him, the basis upon which he conducted that house was that Allen was to take it and carry it on for $1,000 a year and divide profits if any; that he did not exactly understand what that contract was.

The contract in reference to the Cayuga Lake hotel was put in evidence, and by its terms Allen was to be paid $250 per month for taking charge of and conducting the hotel from June to October first, and all the expenses of the hotel were to be paid by the other party to the contract, and the profits, if any, after paying expenses, were to be divided between the contracting parties. Nester, by this evidence, states he does not know definitely what the precise terms of the contract are, but states facts from which defendant can inform himself as to the terms, and he thus leaves the matter entirely to the defendant.

If this evidence were to be believed, then the counsel for defendant could hardly maintain that the statement as to the terms of the occupancy by Allen, as set forth in the land contract should, as matter of law, bind both parties, for Nester in the above interview gives to the defendant an entirely different statement of the terms of the occupancy by Allen, and according to such statement Nester was to furnish capital to Allen.

What effect the statement of the terms of the Allen lease, as set out in the land contract between Nester and defendant, had upon the mind of the latter, when taken in connection with the above evidence of Nester, and whether the defendant understood when he took this deed what the real terms were, and whether in fact he was in any degree misled in entering into the second contract by any alleged misrepresentations of the terms of the Allen lease, were upon the whole evidence questions of fact, and hence the referee committed no error of law in refusing to find as requested.

The only other question argued was whether or not the covenant contained in the deed was a mere personal one to indemnify the grantor, and which the plaintiff could not take the benefit of.

That it was a contract such as the plaintiff could adopt and take the benefit of, this court in a series of decisions

has held, and the covenant does not come within any of the exceptions to the general rule laid down in such decisions. See Lawrence *v.* Fox (20 N. Y. 268), Pardee *v.* Treat (82 N. Y. 385), Bowen *v.* Beck (94 N. Y. 86), Schley *v.* Fryer (100 N. Y. 71.)

The judgment should, therefore, be affirmed, with costs.

All concur, except DANFORTH, J., not voting