JOHN POST, RESPONDENT, *v.* WEST SHORE RAILROAD COMPANY, NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY AND NEW YORK, WEST SHORE AND BUFFALO RAILWAY COMPANY, APPELLANTS.

*Deed containing provisions as to work to be done by a railroad company, the grantee — its acceptance binds the grantee and its successors — when the court may award a specific performance as to part, and give a money compensation in part, in place of decreeing a specific performance — form of such a judgment.*

A right of way through certain farm land was granted to the New York, West Shore and Buffalo Railway Company by a deed containing the following provisions: "The party of the second part is to reconstruct and restore the public road, and place the same along the westerly line of and upon the aforesaid premises. The party of the second part is to construct a good and convenient crossing, over the said railway premises to the highway, reconstructed as aforesaid." The deed was accepted by the grantee, which entered into the possession of the land conveyed, and subsequently the New York Central and Hudson River Railroad Company and West Shore Railroad Company succeeded to the rights of such grantee and took possession of the premises in question.

*Held,* that, by accepting the deed and taking possession thereunder, the grantee named in the deed became bound to perform the work therein specified to be done by it.

That the other corporations, who succeeded to the rights of such grantee and took possession of the land thereunder, also became bound to perform such obligations.

Neither the original grantee nor the parties succeeding to its rights had constructed the road as required by the provisions of the said conveyance.

*Held,* that after a delay of several years, in the absence of any evidence on the part of such grantee, or its successors in interest, that they, or either of them, intended to restore the road, that it was proper for the court to award to the grantor, in an action brought by him to enforce such obligations, a sum of money as compensation for the loss to which he had been subjected in consequence of the decreased value of his farm, occasioned by the failure of the defendants in such action, the grantee and its successors in interest, to comply with the requirements of such deed of conveyance.

That such allowance was properly made by the court, in the exercise of a sound discretion, in lieu of specific performance.

That it was not necessary that provision should be made in the judgment for the giving by the plaintiff to the defendants of a release of his right, under the provisions of such deed, upon the payment to him by the defendants of the sum directed by said judgment to be paid, as the decision allowing a money compensation, and the judgment entered thereon, sufficiently protected the defendants in that respect.

That the case of *Uline* v. *New York Central and Hudson River Railroad Company* (101 N. Y., 98) was not in conflict with the aforesaid views, as that case was an action at law, and not one in equity as the present action was.

That specific performance of the agreement to make a crossing was properly decreed, together with an allowance for the damages resulting from the delay in its construction, against the successor of the original grantee.

APPEAL by the defendants from the judgment entered on September 8, 1887, after a trial at the Greene County Circuit, by the court without a jury.

The action was brought to enforce the specific performance of an alleged contract or covenant for the construction of a public road and of a railroad crossing, contained in a deed executed by the plaintiff to the New York, West Shore and Buffalo Railway Company conveying a parcel of land in the town of Castleton, Greene county, New York, of the width of 130 feet, said deed bearing date February 8, 1882. The court awarded damages, in lieu of the performance of that part of the agreement relating to the crossing, and a specific performance as to the balance relating to the public road.

The action was originally brought against the New York, West Shore and Buffalo Railway Company, but subsequently the West Shore Railroad Company and the New York Central and Hudson River Railroad Company, which succeeded to its interests, were, by order of the court, made additional parties defendants in the action.

*Herbert E. Kinney*, for the appellants.

*John A. Griswold*, for the respondent.

INGALLS, J. :

The plaintiff herein, by a deed bearing date February 8, 1882, conveyed to the defendant, the New York, West Shore and Buffalo Railway Company, a strip of land, being a portion of his farm, to enable the grantee to construct its proposed railway across his land. The deed contained the following provisions : "The party of the second part is to reconstruct and restore the public road, and place the same along the westerly line of and upon the aforesaid premises. The party of the second part is to construct a good and convenient crossing over the said railway premises to the highway,

reconstructed as aforesaid." By accepting the deed, and taking possession of the land conveyed, the grantee became bound to perform the obligations specified in the deed, and which became attached to the grant. (*Bowen* v. *Beck*, 94 N. Y., 86; *Atlantic Dock Co.* v. *Leavitt*, 54 id., 39; *Aikin* v. *Alb., Vermont and Canada R. R. Co.*, 26 Barb., 290.) The other defendants who succeeded to the rights of such grantee became also bound to perform such obligations, as they took possession of the land granted by such deed, and with notice of the agreement therein contained, to restore the road and to construct the crossing; and this, with like effect, as though such defendants had joined in such deed by actually executing the same. (*Bowen* v. *Beck*, *supra*; *The Trustees of Col. College* v. *Lynch*, 70 N. Y., 441; *The Same* v. *Thacher*, 87 id., 312; *Spaulding* v. *Hallenbeck*, 35 id., 204, 207.) Certainly it would be most inequitable and unjust to allow the defendants to retain the land without performing the covenants contained in the deed in favor of the plaintiff. When the deed was executed the road, or highway, was situated near the dwelling-house of the plaintiff, and furnished him a commodious means for the transportation of the produce of his farm to the market, and for the transacting of such other business as became necessary, or which he desired to perform. It was to preserve such road that the provision was inserted in the deed; and in making the contract the plaintiff was at liberty to make his own estimates in regard to the value of such road. The construction and continuance of said railroad seems practically to have deprived the plaintiff of the use of the old road, and has had the effect to render access to his farm inconvenient and difficult, and prejudicial to his interests in many respects, as well as having had the effect to impair the market-value of the farm. Such injuries, when established, could not be regarded fanciful or speculative, but real and substantial. The evidence is to the effect that the defendants have not only entirely neglected to restore the old road, but manifest no intention to do so.

It is contended by the plaintiff that the crossing constructed by the defendants is inappropriate, and not such as the agreement in the deed contemplated, and so the court has found. The cause was evidently tried with care and deliberation, and the learned justice not only saw the witnesses and heard them testify, but by consent

of the parties viewed the premises, which doubtless aided him greatly in forming an accurate and reliable judgment in regard to the merits of the controversy. Among the findings of the trial court are the following : " Eighth. And which said conveyance was, on the day of its date, duly acknowledged by said plaintiff and his wife and recorded in the office of the clerk of Greene county, and said New York, West Shore and Buffalo Railway Company thereupon took possession of the land and premises described in said deed under said conveyance, and continued to use, possess and occupy said premises, under and by virtue of said conveyance, for the purpose of constructing and operating its said railroad. Ninth. That said premises so conveyed extended, and extend, in a northerly and southerly direction, entirely through said farm 130 feet wide, and entirely included the said public road or highway over said farm, except a narrow piece or strip near the northerly end of the premises conveyed on the easterly side, and are located between said dwelling and farm buildings and the summit of said hill westerly thereof. Nineteenth. That, 1st, said defendant, the New York, West Shore and Buffalo Railway Company, has not, nor has or have either or any of said defendants, ever constructed, or caused to be constructed or built, or restored or placed the road mentioned in said deed of conveyance by the plaintiff and wife to said New York, West Shore and Buffalo Railway Company, or any road upon or along the westerly bounds of or upon the premises conveyed in and by said deed of conveyance, or as specified to be done by said railway company, in and by said deed. 2d. Nor has or have either or any of said defendants ever built or constructed, or caused to be built, made or constructed, a good or convenient crossing for said plaintiff over or across said railway or said premises so conveyed by the plaintiff to said road agreed or specified to be constructed in said deed of conveyance. 3d. Nor has or have said defendants, or either or any of them, ever made, built or constructed for said plaintiff, or the use of his said farm, a good and convenient farm crossing over or across said railroad or said railway premises. Twentieth. That said New York, West Shore and Buffalo Railway Company, in or about the summer and fall of 1882, constructed and built its railroad upon the premises so conveyed by the plaintiff to it, and along or near the easterly bounds thereof, and so as to entirely obstruct and render

impassable the said former road there, and raised and built an embankment of earth and stone on said premises for the bed of said railroad, of the height of about fourteen to twenty feet above the surface of the ground, on and at the easterly side of said embankment, and the same has since so continued." After so great a delay, and in the absence of any evidence on the part of the defendants, that they or either of them intended or desired to restore the road, it was proper for the court to award to the plaintiff a sum of money as a compensation for the loss to which he had been subjected in consequence of the decreased value of his farm, occasioned by the failure of the defendants to restore such road, such allowance being made in lieu of specific perfomance; and in this regard the court exercised a sound discretion. The counsel for the defendants further contends that provision should have been made in the judgment for the giving, by the plaintiff to the defendants of a release upon payment of the sum directed to be paid. We think the decision and judgment entered thereon sufficiently protect the defendants in that respect. This being an action in equity, and arising upon contract, and all the parties interested being before the court, it was authorized and required to settle, as far as possible, the rights of all the parties interested, and the judgment seems to have accomplished that end by directing the construction of a proper crossing, according to the requirement of the deed, and by awarding compensation in money for the injury to the plaintiff in being deprived of the road. (*Henderson, Exr.,* v. *The N. Y. C. R. R. Co.,* 78 N. Y., 423; *Madison Avenue Baptist Church* v. *Oliver,* 73 id., 83.) At page 95 Judge EARL remarks: "It is the practice of courts of equity, when they have once obtained jurisdiction of a case, to administer all the relief which the nature of the case and the facts demand, and to bring such relief down to the close of the litigation between the parties." The learned judge further remarks, at page 96: "In a court of equity no general rule for compensation is inflexible. It may mould its relief and give redress according to the circumstances of each case. When ordinary rules will not apply in the administration of equitable relief, or will work injustice, it must be guided by reason and justice. (*Murtha* v. *Curley,* 90 N. Y., 372; *Bell* v. *Merifield,* 14 Civ. Pro. R.,

146.) The case of *Uline* v. *The New York Central and Hudson River Railroad Company* (101 N. Y., 98) is not in conflict with the views expressed, as that was not an action in equity, and such distinction is recognized by the opinion of Judge EARL in these words (p. 121) : "The case of *Henderson* v. *New York Central Railroad Company* (78 N. Y., 423) is not in conflict, as that was an equitable action, and in the opinion written in that case the rule is recognized to be otherwise in actions at law ; and the case of *Mahon* v. *New York Central Railroad Company* is expressly recognized, and it certainly was not intended to overrule or depart from it or any of the prior authorities. The judgment there was based entirely upon equitable principles, and there it was ordered that upon payment of the sum awarded by the referee the plaintiff should convey the title to the defendant."

The opinion contains the following, at page 116 : "And further, one reason why a railroad company can be charged with the permanent damages for taking land for its use only in a proceeding under the statute for asserting the right of eminent domain is, that when such damages are paid the company is entitled to have a clear title to the property so taken, and such title cannot be acquired in an action for a trespass or nuisance." Judge EARL refers to and extracts the above quotation from the opinion of Justice COLE in *Blesch* v. *Chicago and Northwestern Railroad Company* (43 Wis., 183). In the case at bar the New York, West Shore and Buffalo Railway Company acquired by the conveyance as perfect a title to the land as could have been obtained by a proceeding under the statute to obtain such title. We perceive, therefore, no substantial reason why the plaintiff was not entitled to recover complete compensation for the loss to which he had been subjected by the failure of the defendants to perform the obligations which the grantee in the deed voluntarily, and upon an adequate consideration, assumed. We fail to discover in this case any equitable considerations which, under the circumstances, should excuse the defendant, the West Shore Railroad Company, from the construction of a crossing such as the deed calls for and as the judgment directs. It is to be assumed that the grantee entered into the agreement with an intelligent comprehension of the magnitude of the obligation assumed, and no circumstances have since occurred, so far as the evidence

discloses, which should induce the court to relieve such company from the performance of such contract in that respect, or to substitute the payment of a sum of money in lieu of such performance. (*Aikin* v. *Alb. Vermont and C. R. R. Co., supra.*) In view of the peculiar circumstances of this case, we conclude that the decision of the trial court can be sustained, wherein the defendant, the West Shore Railroad Company, is required to pay to the plaintiff damages for his being deprived of the use of said farm on account of the failure and neglect to construct said crossing, and to restore said road, at the rate of $200 a year, computed from December 5, 1882. This action was commenced in April, 1882, and was pending against the New York, West Shore and Buffalo Railway Company on the 5th day of December, 1885, when the West Shore Railroad Company purchased and became the owner of said railroad, including the land which was deeded by the plaintiff to the former company. The facts are such as to justify the assumption that the West Shore Railroad Company purchased with knowledge of the existence of such action, and of the terms of the deed which was executed by the plaintiff, and of the condition of such railroad, and must, therefore, be held chargeable with the payment of such damages, as incident to such ownership, possession and control of such railroad. By such purchase the West Shore Railroad Company became seized of all the estate and rights which were conveyed by the plaintiff, and in equity became chargeable with the burden imposed by such grant. In the case of the *Trustees of Columbia College* v. *Thacher* (87 N. Y., 315), Judge DANFORTH, in his opinion, remarks, "The validity and binding obligation of the covenant cannot be questioned by the defendant Thacher. (*Trustees of Columbia College* v. *Lynch*, 70 N. Y., 440.) Moreover, it appears that he bought, with notice, not only of the agreement, but of this action. He, therefore, could not take the property without performing the obligation attached to it, and must be deemed to have taken it at his own peril, to the extent of such judgment as might be rendered in the action." The doctrine thus enunciated is certainly equitable, and we think applies with force to the case under consideration, as by such purchase the West Shore Railroad Company acquired, and still retains, the land conveyed by the plaintiff and enjoys all the benefits to be derived from such con-

veyances. The deed upon its face furnished to such purchaser ample notice of plaintiff's right and the obligations which such company assumed in that regard, by becoming the owner of the land embraced in such deed. It seems manifestly unjust to allow the West Shore Railroad Company to retain all the fruits of their purchase and to escape the payment of the damages in question, and to compel the plaintiff to look for compensation to a corporation which is found herein to be insolvent. Again it is insisted, with considerable show of reason, by the counsel for the respondent, that such defendant is not in a situation to raise the question, upon this appeal, that such company is not liable for the damages which occurred previous to December 5, 1885, the date of its purchase, because no such objection was taken before the trial court, as the contention there was that the plaintiff was not entitled to any such damages, and no distinction was made by the defendant's counsel between such as might have occurred before or after the 5th day of December, 1885, the date of the purchase by such company. It would seem that the objection should have been more specific, in order to have enabled the trial court to understand and consider the same., Furthermore, the exception to such conclusion of law appears to be general and not specific. (*McMahon* v. *N. Y. and E. R. R. Co.*, 20 N. Y., 470; *Graham* v. *Chrystal*, 2 Keyes, 31.) The conclusions of law contained in the decision of the trial court, and incorporated in the judgment, are the following: "And as con clusions of law the court doth adjudge and determine: 1. That, within four months after the service of a certified copy of the judgment herein, the said defendant, the West Shore Railroad Company, build and construct, or cause to be built and constructed; and that the defendant, the New York Central and Hudson River Railroad Company, permit and allow to be built and constructed, at some place on said railroad, an embankment, at its election, within 600 feet northerly of a point thereon opposite the tenant house on said farm, and a good and convenient farm-crossing through said embankment at least fourteen feet wide and twelve feet high, in the clear, for the use of said plaintiff and his said farm, and so as to enable the plaintiff, his agents and tenants, to go, pass and travel on foot, and with teams and stock, through said crossing from the easterly side of said railroad on said farm to the westerly side of

said railroad unto the present or former public road; there and from thence back through said crossing to the easterly side of said railroad or embankment to the lands of said plaintiff, for the use of said plaintiff, his heirs and assigns forever in the use of his said farm.   2.  That the said defendant, said West Shore Railroad Company, also, within two months from the service of a certified copy of the judgment herein, also pay to the plaintiff for his damages for the depreciation in the value of his said farm by reason of the failure to build and the non-construction of said road on the westerly bounds of said premises as specified in said deed of plaintiff and wife of February 8, 1882, and in lieu and instead of the construction of such road the sum of $2,500, with interest on that amount from the date of this decision until such payment.  · 3.  That said defendant, said West Shore Railroad Company, also pay to said plaintiff, within two months after service on it of a certified copy of the judgment herein, for his damages for the depreciation of the value of the use of said farm on account of the failure and neglect to make and build said crossing, and construct or reconstruct said road, as specified in said deed of date February 8, 1882, a sum to be computed from December 5, 1882, to the date of entry of judgment herein on this decision at the rate of $200 per year, with interest thereon from the date of such entry to the time of such payment.   4.  And that said defendant, the West Shore Railroad Company, be adjudged and commanded to perform the said judgment and decree as herein above determined, and that said plaintiff recover the costs of this action against the said defendants, said West Shore Railroad Company, and said New York, West Shore and Buffalo Railway Company, together with an extra allowance for costs of $250, and judgment be entered accordingly September 2, 1887." The examination of this case has produced the conviction that substantial justice has been attained by the decision at the circuit in regard to the merits; and that no legal errors have intervened which materially affect the rights of the defendants, and the judgment should be affirmed, with costs.

LEARNED, P. J., and LANDON, J., concurred.

Judgment affirmed, with costs.