## SOULE v. PALMER.

(City Court of New York, General Term.　December 2, 1897.)

1. LANDLORD AND TENANT—LEASE—SIGNATURE.

A written lease made to a company and one P., "president," was signed and sealed by both parties, with a subscribing witness as to the signature of P., who wrote the word "President" after his name. The body of the instrument recited that it was between S., as landlord, party of the first

part, and the company and P., president, as tenant, parties of the second part, and that the said party of the first part "hath letten * * * unto the said parties of the second part" the premises, and "the said parties of the second part hereby covenant to pay * * * the yearly rent." *Held*, P. was liable individually on the lease.

2. SAME—INTENT OF PARTIES.

In an action to enforce the covenants of a lease signed and sealed, no inquiry into the question of the intent of the signers as to their individual liability will be permitted.

3. SAME—PERSONAL LIABILITIES.

Where one signs his name to an instrument, with the addition of the word "President," the additional word is merely descriptive, and does not relieve him of personal liability thereon.

Appeal from trial term.

Action by Jeanie E. Soule against William M. Palmer and another on a lease. Judgment was rendered for defendant Palmer, from which plaintiff appeals. Reversed.

Argued before VAN WYCK, C. J., and O'DWYER, J.

Andrew J. Shipman, for appellant.

Leonidas Dennis, for respondent.

O'DWYER, J. This is an action to recover rent due under a written lease. The jury found a verdict for the full amount claimed against the defendant corporation, and in favor of the defendant Palmer; and from an order denying plaintiff's motion for a new trial as to the defendant Palmer, and the portion of the judgment in favor of said defendant, plaintiff appeals.

Plaintiff leased to the National Wrought-Steel Manufacturing Company and William W. Palmer, president, the parlor floor of No. 10 East Forty-Second street, New York City, for 1 year and 10 months. The lease was in writing, and was signed and sealed by the defendants. The defendant corporation admitted all the allegations of the complaint concerning the lease, and judgment was recovered against it. The defendant Palmer, however, set up the defense that the lease was executed by him on behalf of the defendant corporation, and hence he was not individually liable. It will be noticed that the lease in question is a solemn instrument under seal. There are three signatures and three seals, and Charles M. Heymann subscribes as a witness for William W. Palmer. The body of the instrument recites that it is "between Jeanne E. Soule, as landlord, party of the first part, and the National Wrought-Steel Manufacturing Company and William W. Palmer, president, as tenant, parties of the second part," and "that the said party of the first part hath letten, and by these presents doth grant, demise, and to farm let, unto the said parties of the second part, the parlor floor," etc., and "the said parties of the second part hereby covenant to pay to the said party of the first part the yearly rent as herein specified," etc., together with many other covenants whereby the parties of the second part bound themselves. The execution of the instrument was proven, and the defendant Palmer admits that he "looked at the body of it, stating the terms and the rent," and signed it. His contention upon the trial was that, under the lease so made, only the

company was bound; and the learned trial justice left the intention of the parties to the jury, over the plaintiff's exceptions.

It is well settled that parol evidence will not be admitted or permitted to vary the contents of a sealed instrument. Here, indeed, no such evidence was directly introduced, but evidence was introduced tending to show the original intention of the parties. Where a person signs and seals an instrument, no inquiry into the question of his intent will be permitted upon an action to enforce the covenants contained in the instrument. The court must construe the instrument as it finds it. Dwight v. Insurance Co., 103 N. Y. 352, 8 N. E. 654. The defendants come into court, and admit that the lease is valid and binding against the defendant corporation, but seek, by a mere question of preliminary intention, to eliminate from the whole instrument all mention of the defendant Palmer, and of the "parties" of the second part, and in fact to change its whole tenor. Taking the instrument as it stands on the record, we find that it is made to two parties of the second part,—the defendant corporation, and "William W. Palmer, president." All the plaintiff's contentions in regard to the defendant corporation having been sustained, the instrument is now to be viewed as though the sole issue was between the plaintiff and "William W. Palmer, president." The defendant Palmer contends, however, that the word "president" relieves him of personal liability. But it is clear that this addition to his name is only descriptive, and has no effect in limiting or discharging his liability upon the covenants in the lease. Such words are mere words of description, and the makers of the instruments are liable personally. Taft v. Brewster, 9 Johns. 334; Orchard v. Binninger, 51 N. Y. 652; Hills v. Bannister, 8 Cow. 31; White v. Skinner, 13 Johns. 310; Stone v. Wood, 7 Cow. 454; Moss v. Livingston, 4 N. Y. 210; De Witt v. Walton, 9 N. Y. 571; Bank v. Clark, 139 N. Y. 310, 34 N. E. 908; Institution v. Bitter, 87 N. Y. 250–255. The form of lease made him the lessee, and he is liable upon the covenants therein contained. It was not necessary even that he should sign and seal it. It appears from his own testimony that he occupied the leased premises from July, 1896, to the time this action was begun, and this lease was the only terms upon which the defendants ever entered the premises. "By accepting the deed and taking possession of the land conveyed, the grantee became bound to perform the obligations specified in the deed, and which became attached to the grant." Post v. Railroad Co., 50 Hun, 303, 3 N. Y. Supp. 172; Belmont v. Coman, 22 N. Y. 438; Dock Co. v. Leavitt, 54 N. Y. 41. Nor can it be said that the words "William W. Palmer, President," are a part of the signature of the National Wrought-Steel Manufacturing Company. The signature "William W. Palmer, President," moreover, exactly agrees with the wording in the body of the lease. Nothing more than the company's bare name was requisite to constitute its signature. "So the statute of frauds, requiring certain agreements in writing, and to be signed by the party to be charged therewith, is satisfied by the signature or subscription of the name of such party thereto by another person authorized to make it." Barnard v. Heydrick, 49 Barb. 66. The statement of the defendant that he did not read the contract, or

inform himself of the contract, cannot be considered. He had full
opportunity to do so, and must take the consequences if he did not.

The order and the portion of the judgment appealed from should
be reversed, and a new trial granted, with costs to the appellant to
abide the event.

VAN WYCK, C. J., concurs.