(97 Misc. Rep. 169)

JOHNSTON v. FLICKINGER.

(Supreme Court, Trial Term, New York County.   October 4, 1916.)

1. FRAUDS, STATUTE OF ⬤═➤44(4)—AGREEMENT NOT TO BE PERFORMED WITHIN ONE YEAR—ASSUMPTION OF RENT.

Where a lease, the subject of a mortgage, contained a clause against assignment, but not against mortgaging, and the unexpired term was for more than one year, an agreement by the purchaser at foreclosure sale of the mortgage with the lessor assuming the payment of rent, is within the statute of frauds, and must be in writing.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 66; Dec. Dig. ⬤═➤44(4).]

2. LANDLORD AND TENANT ⬤═➤76(2)—COVENANT NOT TO ASSIGN LEASE—MORTGAGE.

The mortgage of a lease and its subsequent sale under the mortgage constitute no breach of the covenant of the original lessee not to assign.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 228; Dec. Dig. ⬤═➤76(2).]

3. LANDLORD AND TENANT ⬤═➤76(3)—ASSUMPTION OF RENT—CONSIDERATION.

An agreement by the purchaser at the foreclosure sale of a mortgaged lease containing a clause against assignment, but not mortgaging, assuming payment of rents on consideration of the lessor's consent to assignment to him, is without consideration.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 229, 230;   Dec. Dig. ⬤═➤76(3).]

4. LANDLORD AND TENANT ⬤═➤76(1)—PRIVITY OF ESTATE—TERMINATION BY ASSIGNMENT.

A person who has become tenant of another through sale on foreclosure of a mortgaged lease containing a covenant against assignments can terminate the privity of estate between him and his landlord by assigning to a third party, if he has not assumed the covenant of the lease against assignment.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 225–227;   Dec. Dig. ⬤═➤76(1).]

Action by Caroline H. Johnston against J. Willis Flickinger.   Judgment dismissing the case on the merits.

Curtis, Mallet-Prevost & Colt, of New York City, for plaintiff.

Katz & Sommerich, of New York City, for defendant.

---

LEHMAN, J.   The plaintiff sues the defendant for the amount of rent due upon a lease made by a former owner of the premises to one Ellsworth Childs.   This lease was made for a period of 21 years, from May 1, 1899, at the annual rent of $11,000, and contained a covenant that the lessee should "not assign this lease without the consent of the party of the first part under penalty of forfeiture and damages."   The tenant in 1910 mortgaged his interest under the lease without the knowledge or consent of the plaintiff.   In 1911 the mortgage was foreclosed and Childs' interest in the leasehold was, on September 15, 1911, sold at a judicial sale, pursuant to the order of this court.   At this sale the defendant purchased the lease, but before taking title to the lease the defendant requested the extension of the payment of taxes and other favors from the landlord, and also requested a formal consent to the assignment of the lease, stating that a question might be raised as to the necessity of the landlord's consent, which he desired to obviate.   The plaintiff assured the defendant that she would comply with the defendant's requests, provided she was satisfied of the responsibility of the new tenant.   Thereafter the payment of back taxes was adjusted and the defendant took title to the lease.   After title had passed the plaintiff's attorney sent to the defendant's attorney a formal consent, which reads as follows:

"I, Caroline H. Johnston, owner of the premises known as No. 1164 Broadway, mentioned in the annexed lease, do hereby consent to the assignment of said lease to J. Willis Flickinger, of the borough of Manhattan, in the city of New York, it being agreed by said J. Willis Flickinger that by the acceptance of this consent he shall be and remain bound and responsible for the faithful performance and fulfillment of the agreements and covenants in said lease contained, except the agreements of the tenant therein named relating to the making of certain specified alterations and improvements to the building on the demised premises, and the agreement of said tenant to assign, transfer and deliver to the party of the first part to said lease a policy of insurance insuring his life."

The defendant's attorney never returned this consent, and produced it at the trial; but he claims that he telephoned to the office of the plaintiff's attorney and stated that he would not accept the consent, as no consent was necessary.   The plaintiff's attorney denies that he ever had such a conversation.   Almost immediately thereafter a new corporation was organized to take over the business conducted on the premises in question, and the defendant assigned the lease to the new corporation.   The plaintiff now claims that the defendant has assumed the obligations of the lease in consideration of the plaintiff's consenting to the assignment of the lease.   The defendant, on the other hand, claims that he never assumed the covenants of the lease, and that in any event such assumption must be in writing, and that since the assignment to the new corporation no privity either of contract or estate exists between him and the plaintiff.   The question of fact as to whether or not the defendant agreed to assume the obligations of this lease and the question of law as to whether such an agreement must be in writing are, in my opinion, inextricably intertwined in this case.   The plaintiff claims that the alleged agreement is one concerning land, and therefore the statute which requires contracts not to be performed with-

in one year to be in writing has no application to it, relying largely upon the opinion of the Court of Appeals in the case of Ward v. Hasbrouck, 169 N. Y. 407, 418, 62 N. E. 434, 437, in which the court stated:

"Under the former statute, which provided that leases not exceeding one year need not be in writing, this court held that a parol lease of lands for the term of one year, to commence at a future day, is valid under our statute of frauds, and that the provision of the statute relating to contracts not to be performed within one year only applied to transactions respecting personal property; they have no application to contracts concerning lands. Young v. Drake, 5 N. Y. 463 [55 Am. Dec. 356]; Becar v. Flues, 64 N. Y. 518, 520."

I do not think that by these words the Court of Appeals intended to intimate that the statute of frauds could never apply to a contract in which land was concerned. In that very case the court held that while the statute did not apply to an original promise to pay rent under a lease for one year beginning in future, it did apply to an agreement to be responsible for the payment of rental under a lease to a third party.

[1] It seems to me that a careful reading of the opinion in that case and in the other cases cited therein shows that the true rule is that the Legislature has, under the Real Property Law (Consol. Laws, c. 50), provided for the formalities required in regard to contracts for the sale of land, for the leasing of land and for the transfer of interests in land; in other words, to contracts which directly concern land, and as to such agreements the provisions of the Real Property Law are exclusive. Where, however, the contract does not come strictly within this class, but concerns land only more or less incidentally, the general statute of frauds may apply. In the present case, if the consent to the assignment of the lease had been necessary to the vesting of title under the assignment in the plaintiff, then, I think, that the agreement to assume the obligations of the lease would be part of an agreement concerning land. In fact, however, the defendant did not require the consent of the plaintiff in order to obtain title to the land. At the time the consent was given the defendant had already obtained title to the land at a judicial sale.

[2] The mortgaging of the lease and its subsequent sale under the mortgage constituted no breach of the covenant of the original lessee not to assign the lease. See Riggs v. Pursell, 66 N. Y. 193.

[3] If the defendant ever actually agreed to assume the obligations of the lease, such an agreement would either be without consideration or was a compromise of a very doubtful claim on the part of the plaintiff. In other words, the agreement would be valid only if construed as an accord and satisfaction. Such a contract resulting in no transfer or vesting of any title to land comes, I think, within the purview of the statute governing contracts relating to choses in action rather than those relating to land. This view of the law is, I think, supported by the case of Durand v. Curtis, 57 N. Y. 7. In that case the Commission of Appeals has held that an assignee under a parol assignment of a lease for more than two years could not be held liable upon a parol agreement to pay the rent during that time. I do not construe that case as holding, as plaintiff claims, that a parol assumption of the

covenant to pay rent under a lease for more than a year is always invalid, but I think that it does hold that such an agreement comes within the statute of frauds unless it is made as part of a valid contract for the sale or leasing of land or a transfer of interest therein.   In any event, however, I do not think that the defendant has ever made such an agreement even by parol.   If the consent of the plaintiff to the assignment of the lease had been necessary, then I believe that the defendant by retaining the consent and claiming title thereafter to the lease would be estopped from claiming that the conditions upon which the consent was made were invalid, or that the covenants therein contained were not his covenants.   See Bowen v. Beck, 94 N. Y. 86, 46 Am. Rep. 124;  Atlantic Dock Co. v. Leavitt, 54 N. Y. 35, 13 Am. Rep. 556.   In the present case, however, as shown above, no such consent was necessary.   It deprived the plaintiff of no rights which she does not now enjoy and gave the defendant no rights that he did not already have.   Assuming, but not deciding, that in any event such an agreement would be founded upon good consideration, the record must show other facts from which an agreement to assume the covenants of the lease may be inferred.   If the defendant retained the consent in silence, then probably such an agreement could be implied.

Upon this point there is some conflict of testimony on the part of the attorneys respectively of the plaintiff and the defendant.   There can, of course, be no question in my mind but that the plaintiff's attorney has throughout the case scrupulously told the court every fact material to the case which he remembered at the time of the trial, and that his present contention that the contract was retained by the defendant in silence is founded upon his firm conviction as to that fact. Nevertheless I feel that he is mistaken in this regard.   Doubtless before this consent was sent to the defendant there had been some conversation as to the advisability of the giving of such consent to obviate all questions of title.   If there had been no such conversation and request, it is highly improbable that no such consent would have been tendered.   It is also most probable that the plaintiff's attorney desired to be informed of the standing of the assignee of the lease before she would make any concessions to the defendant.   I feel, however, that the absence of any allusion to a consent in the correspondence previous to November;  the fact that the defendant accepted title to the leasehold before the consent was given, after the other requests made by him had been complied with;  the purpose of the defendant in buying the lease, even the testimony of the plaintiff's attorney as to the nature of the conversations—all render it very improbable that the defendant considered the consent of any importance or agreed to assume the covenants of the lease as a consideration for such assignment. In view of these facts it becomes very probable that when his attorney received the consent, subject to his assumption of the covenant, he would telephone to the plaintiff's attorney that he would not accept the consent on such conditions.   It also seems to me somewhat significant that there is no testimony that the defendant has ever delivered a policy of life insurance, which was also a condition of the consent. Under these circumstances I am constrained to find that the plaintiff's attorney is mistaken in his contention that the consent was retained

in silence and the conditions thereof accepted, and I must find that the defendant did not expressly or impliedly assume the obligation of the lease.

The only remaining question is whether the defendant can be held liable as assignee on any theory that a privity of estate exists between him and the plaintiff. There can, of course, be no doubt that the defendant cannot be held liable on such a theory if the assignment to the new corporation was valid. The plaintiff, however, claims that this assignment was ineffective because the original lease contained a covenant against assignment, and her consent to the assignment to the defendant was limited by the condition that the defendant should assume all the covenants of the lease, including the covenant against assignments. On the other hand, the defendant claims that the consent should be construed as an unlimited consent, and that by giving this consent the plaintiff waived the covenant against assignments, and that in any event in this state an assignment made in breach of such a covenant is valid until avoided by the landlord's re-entry.

The contention of the defendant that the plaintiff has waived for all time the covenant against assignments by expressly consenting to the assignment to him requires no consideration. The defendant has repudiated this consent because he claims he did not accept the conditions upon which it was given. He cannot now claim that he has not accepted the conditions and at the same time claim that the consent has any force as a waiver of the covenant against assignments. Inasmuch as I have already held that no consent was accepted, I must now consider the question presented as if no consent had ever been tendered by the plaintiff to the defendant.

[4] The actual question now presented is whether a person who has become a tenant of another through a legal sale of a lease which contains a covenant against assignments can terminate the privity of estate by an assignment to a third party. I have found no case in any jurisdiction where this question has been considered, and the few cases where the effect of an assignment made in contravention of such a covenant under other circumstances are no aid to the solution of this question. It seems to me, however, that inasmuch as the covenant against assignment in the lease provides the penalty of "forfeiture and damages" only, the court should not in this case give the covenant any greater effect and treat it as if it were not only a covenant but a condition. Whatever may be the effect of such a covenant when the assignment has been made either by the original lessee who has made the covenant or by a subsequent assignee who has accepted a consent to the assignment, with a condition against further assignment, it would seem anomalous that a man who has purchased a lease at a legal sale and become liable as tenant only by reason of privity of estate should not be permitted to break this privity by an assignment to a third party. The defendant in this case has not assumed the covenant, and can therefore not be liable in damages, and he is not objecting to any forfeiture caused by the assignment.

It follows that the defendant should have judgment dismissing the case on the merits. Submit decision in accordance herewith.